PER CURIAM.
 

 The debtors, Stuart and Shiela Terry, •proposed a plan pursuant to Chapter 13 of the Bankruptcy Act of 1978, 11 U.S.C. §§ 1301-1330 (hereinafter the Act), under which they would pay nothing to their creditors. All of the creditors are unsecured, and all of the debtors’ property would be exempt under 11 U.S.C. § 522(d). The bankruptcy judge confirmed the plan over the trustee’s objection, and the trustee ap
 
 *635
 
 peals.
 
 [1]
 
 He contends that (1) the bankruptcy court erred in finding that the debtors were eligible for Chapter 13 relief, (2) the bankruptcy court erred in fihding that the plan of the debtors was proposed in good faith, and in confirming the plan over the trustee’s objection. We consider these contentions in order and, for the reasons discussed below, reverse and remand for further proceedings.
 

 The criteria for Chapter 13 eligibility are set forth in §§ 109(e) and 101(24). Section 109(e) provides “only an individual with regular income . . . or an individual with regular income and such individual’s spouse . . . may be a debtor under Chapter 13 .” Section 101(24) defines “individual with regular income” as an individual “whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 of this title . . ..”
 

 The debtors’ petition reveals that their monthly expenses exceed monthly income by $8.00. The bankruptcy judge reasoned that because the plan required no payments, the debtors’ income was sufficient to meet the “payments” proposed under the plan, and therefore, the debtors were eligible for Chapter 13 relief.
 

 We cannot agree with this analysis. We think that § 101(24) contemplates that a debtor make payments, and that the debt- or’s income sufficiently exceeds his expenses so that he can maintain a payment schedule. The key statutory language is “make payments.” The debtors in this case have no excess income out of which to “make payments,” and therefore, they are not eligible for Chapter 13 relief under § 109(e).
 

 We next consider the question of whether a zero payment Chapter 13 plan may be in good faith. The bankruptcy judge reasoned that a requirement of payments for “good faith” would create difficulties, because such a requirement would necessitate a determination in every case of whether the proposed payments were sufficient for “good faith.” We agree that a payment required would create some difficulties,
 
 [2]
 
 because of the absence of any statutory guideline as to the minimum necessary percentage payment. However, we cannot agree that a Chapter 13 plan to pay nothing may be in good faith.
 
 [3]
 
 Such a plan amounts to an abuse of § 1328 (granting a more generous discharge than Chapter 7) and of the spirit of the chapter, that the debtor “make payments” under a plan.
 
 See In re Campbell,
 
 3 B.R. 57, 59, 5 B.C.D. 1365, 1366 (S.D.Cal.Bankr.1980);
 
 In re Iacovoni, 2
 
 B.R. 256, 262, 5 B.C.D. 1270, 1272 (D.Utah Bankr.1980).
 

 
 *636
 
 We conclude that the bankruptcy court erred in confirming the zero payment plan.
 
 [4]
 

 The order granting confirmation is reversed, and the case is remanded to the bankruptcy court for further proceedings.
 
 [5]
 

 [1]
 

 . The parties agreed to prosecution of the appeal directly to this court. Act of Nov. 6, 1978, Pub.L. No. 95-598, § 405(c)(1), 92 Stat. 2685 provides: “During the transition period an appeal from a judgment, order, or decree of a United States Bankruptcy judge shall be . (B) if the parties to the appeal agree to a direct appeal to the court of appeals for such circuit, then to such court of appeals .
 

 “Transition period” is defined as the period “commencing on October 1, 1979, and ending on March 31, 1984.” Act of Nov. 6, 1978, Pub.L.No. 95-598, § 404(b), 92 Stat. 2683.
 

 [2]
 

 . E.
 
 g., In re Curtis,
 
 2 B.R. 43, 45, 5 B.C.D. 1214, 1215 (W.D.Mo.Bankr.1979) (10% of take home pay for three years is good guideline for minimum required for “good faith”):
 
 In re Beaver,
 
 2 B.R. 337, 341, 5 B.C.D. 1285, 1287 (S.D.Cal.Bankr.1980) (requirement of a “meaningful attempt to repay”);
 
 In re Burrell,
 
 2 B.R. 650, 653, 5 B.C.D. 1321, 1323 (N.D.Cal.1980) (requirement of 70% payment of unsecured debts).
 

 [3]
 

 .The “good faith” requirement of Chapter 13 is found in § 1325(a), which provides that the bankruptcy court must confirm a plan if six provisions are met, one of them being that “the plan has been proposed in good faith and not by any means forbidden by law.” “Good faith” is not defined in Chapter 13 or anywhere else in the Bankruptcy Act of 1978. The phrase “good faith” as used in Chapter 11 of the old Bankruptcy Act, 11 U.S.C. § 766(4) (1976) (repealed) is discussed in 9 COLLIER ON BANKRUPTCY ' 9.20, at 319 (14 ed. 1978): “A comprehensive definition of good faith is not practical. Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the Chapter] in the proposal. . .."
 

 [4]
 

 .
 
 Accord, In re Bloom,
 
 3 B.R. 467, 6 B.C.D. 141 (C.D.Cal.Bankr.1980) (court rejected 1% payment plan);
 
 In re Burrell,
 
 2 B.R. 650, 5 B.C.D. 1321 (N.D.Cal.Bankr.1980) (15%);
 
 In re Beaver,
 
 2 B.R. 337, 5 B.C.D. 1285 (S.D.Cal.Bankr.1980) (1%);
 
 Matter of Marlow, 3
 
 B.R. 305, 6 B.C.D. 77 (N.D.Ill.Bankr.1980) (1%);
 
 In re Iacovoni,
 
 2 B.R. 256, 5 B.C.D. 1270 (D.Utah Bankr.1980) (court rejected eight unrelated Chapter 13 plans, each of which proposed little or no payments to unsecured creditors);
 
 Matter of Cole,
 
 3 B.R. 346, 6 B.C.D. 216 (S.D.W.Va.Bankr.1980) (zero).
 
 Contra, In re Cloutier,
 
 3 B.R. 584, 6 B.C.D. 196 (D.Colo.Bankr.1980) (court allowed zero payment plan);
 
 Matter of Harland,
 
 3. B.R. 597, 6 B.C.D. 235 (D.Neb. Bankr.1980) (zero);
 
 In re Keckler,
 
 3 B.R. 155, 6 B.C.D. 14 (N.D.Ohio 1980) (5%).
 

 [5]
 

 . The Act does not specify what procedures a court should follow if the plan is rejected. In the present case, because the debtors cannot make any payments, it is not possible for them to present an alternative Chapter 13 plan to the bankruptcy court. Therefore, their alternatives are conversion of the case to Chapter 7 (§ 1307(a)) or dismissal of the case (§ 1307(b)). In addition, a party in interest may request a conversion or dismissal (§ 1307(c)). As we read § 1307, a court cannot order dismissal or conversion on its own motion.