In the Matter of Pedro and Mary AGUIRRE, Debtors.

FIRST NATIONAL BANK OF BLUE ISLAND, Objector,

v.

Pedro and Mary AGUIRRE, Respondents.

Bankruptcy No. LR 81–357.

United States Bankruptcy Court, E. D. Arkansas, W. D.

Oct. 13, 1981.

and acquiescence. There is nothing in the stipulation which would be said to contradict this good faith claim of right.

**50**

James W. Stanley, Jr., Little Rock, Ark., for objector.

Robert Batton, Little Rock, Ark., for debtors.

## ORDER DENYING OBJECTOR'S OBJECTION TO CONFIRMATION

DENNIS J. STEWART, Bankruptcy Judge.

The file and records in this case show that the court's order confirming the debtors' plan of arrangement under Chapter 13 of the Bankruptcy Code was entered on June 15, 1981; that, thereafter, asserting orally a claim that it had not received effective notice of the filing or confirmation of the plan or of the commencement or continuation of these Chapter 13 proceedings, the First National Bank of Blue Island, Illinois, filed a written "objection to confirmation" in which it raised the sole objection that:

> "Debtor does not propose to pay the petitioners. The plan proposes no payment to the general creditors and therefore has not been filed in good faith."

Pursuant to an order entered in this case on September 18, 1981, the court convened its hearing of the objection on October 7, 1981. The debtors then appeared personally and by Robert Batton, Esquire, their counsel. The objecting creditor appeared by James W. Stanley, Jr., Esquire, its counsel, and the Chapter 13 trustee, A. L. Tenney, also appeared.

Counsel for the objecting creditor first asserted, and then specifically withdrew, a claim that the First National Bank of Blue Island is a secured creditor. He announced to the court that the objecting party was relying only upon its right as an unsecured creditor to receive "meaningful" payments through the plan under the rule of *In re Terry*, 630 F.2d 634 (8th Cir. 1980). Under the law presently in effect in this district, however, payments to secured creditors of "the value, as of the effective date of the plan, . . . [of] the allowed amount of [the] claim" as required by § 1325(a)(5)(B)(ii) of the Bankruptcy Code are considered to satisfy the requirement of the *Terry* case, *supra.* Otherwise, according to the files and records in this case, the general, unsecured creditors would receive no distribution if this case were the subject of straight liquidation under Chapter 7 of the Bankruptcy Code. Therefore, as to them, the requirement of § 1325(a)(4) is met in that a zero payment to unsecured creditors is "not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title . . ." It is therefore

ORDERED, that the objection of the First National Bank of Blue Island to confirmation of the plan of arrangement be, and it is hereby, denied.