In the Matter of Kenyon D.
ANDERSON, Debtor.

GEORGIA FEDERAL SAVINGS & LOAN
ASSOCIATION, Plaintiff,

v.

Kenyon D. ANDERSON, Debtor and J.
Sam Plowden, Trustee, Defendants.

Bankruptcy No. 80–00994A.
Adv. No. 80–1407A.

United States Bankruptcy Court,
N. D. Georgia.

Nov. 2, 1981.

John T. Brumby, Mitchell, Clarke, Pate, Anderson & Wimberly, Atlanta, Ga., for plaintiff.

Jeffery Morris, Richard Herzog, Hurt, Richardson, Garner, Todd & Cadenhead, Atlanta, Ga., for defendants.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

On March 27, 1980 the above-named debtor filed a voluntary petition in bankruptcy

seeking relief under Chapter 13 of Title 11 of United States Code.

This adversary proceeding has been brought by Georgia Federal Savings & Loan Association ("Plaintiff") against Kenyon D. Anderson ("Debtor") seeking relief from the automatic stay of Section 362(a) of the Bankruptcy Code.

## FINDINGS OF FACT

(1) The Plaintiff is the holder of a note and deed to secure debt which conveyed to the Plaintiff legal title to debtor's residence located at 3399 Archwood Drive, Atlanta, Georgia. The payments on the note are $234.00 per month.

(2) The Debtor is in arrears on the monthly payments on the residence in the amount of $3,510.00, which represents the 15 months from October 1, 1979 to December 1, 1980 (plus monthly amounts to date).

(3) The Debtor's Chapter 13 plan proposes to pay all arrearages before the expiration of the thirty-sixth month period of the plan. It provides that debtor shall pay directly to plaintiff, on a monthly basis, his regular payment plus 1/36th of the arrearages. [A total of $320.63 per month]. This proposed plan was acceptable to Georgia Federal Savings & Loan Association, and no objection to the plan was filed on this provision by Georgia Federal.

(4) Sometime after confirmation of the plan, the Debtor amended his plan to propose a rather novel schedule of repayment. Under the amended plan the debtor proposed to pay only $25.00 per week, to the Chapter 13 trustee, a portion of which was to be paid to Georgia Federal to be applied to the mortgage arrearage. The remainder of principal and interest due was to come from the proceeds of a lawsuit which the Debtor proposed to file against his former employer. In the event that there were no proceeds from this lawsuit within the three year term of the plan, the debts were to be paid with the proceeds from the sale of the Debtor's house. This unusual plan, in the absence of any objections from creditors, was confirmed on December 8, 1980.

(5) The outstanding balance owed to plaintiff which is secured by debtor's residence is approximately $20,000. The market value of the residence is approximately $68,000.

(6) Since November 1980, the Debtor has failed to make *any* payments to the Plaintiff as required under the amended plan.

(7) The Debtor is presently unemployed and has been so for many months. The Debtor is obviously an experienced and capable individual, but his employment picture is extremely complicated with respect to employment in a manner commensurate to his apparent abilities. The complexities derive from his prior employment and his litigation and public statements against that nationally prominent employer.

(8) On December 23, 1980, Georgia Federal filed a complaint to lift the stay. Several hearings were held and briefs submitted on several questions of law. Also, Georgia Federal has moved to dismiss the petition for Debtor's failure to make the $25.00 per month payments provided in the amended confirmed plan.

## CONCLUSIONS OF LAW

As a result of the Debtor's failure to make the monthly payments under the plan, the Plaintiff seeks relief from the automatic stay provided by Section 362(a) of the Bankruptcy Code to permit it to foreclose on the residence and to sell the property. Alternatively, Plaintiff seeks dismissal of the petition for Debtor's failure to make payments provided under the confirmed plan.

The Debtor argues that the residence is pecularily equipped with special ramps for wheelchairs and has other special conveniences for his parapelegic son which makes this house the only reasonable residence for his family.

## QUESTIONS PRESENTED

■ (1) One question is whether adequate protection is provided by a debtor who seeks continuation of a stay, where the

debtor fails to make current monthly mortgage payments on his residence to the secured claimant under a plan which proposes to liquidate the residence equity plus an alleged asset within three years and pay the mortgage and all other claimants in full. The burden of proof that the stay should be continued is upon the debtor.

(2) Another question is whether the Debtor, without regular and stable income to make any regular payments under a plan, can now maintain this Chapter 13 case in the Bankruptcy Court.

*Potential Liquidation of the Residence*

Can liquidation of an asset sometime in the future sustain a Chapter 13 petition or plan?

Can mere substantial equity in an asset provide the adequate protection necessary to a secured claimant?

The Debtor argues that the provisions of Chapter 13 allow a plan to be grounded on the sale of a particular asset rather than conditioned upon funding from the "stable and regular income" of the debtor and cites 11 U.S.C. 1322(b)(8) which provides that the plan may:

"(8) provide for payment of all or any part of *a claim* against the debtor from property of the estate or property of the debtor;"

The Debtor quotes from the Report of the Judiciary Committee of the House of Representatives which states that: "[T]he purpose of Chapter 13 is to enable an individual, under court supervision and protection, to develop and *perform* under a plan for repayment of his debts over an extended period." House Rep. No. 95–595, 95th Cong., 1st Sess. 118 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6079.

The Debtor argues that the Plaintiff will be fully paid from the liquidation of the residence on or before three years from confirmation of the original plan, and that in the meantime the substantial equity of the Debtor in this residence provides adequate protection under 11 U.S.C. § 362(d) and (e) to require the continuation of the stay against the Plaintiff, and to provide the basis for the Chapter 13 petition and confirmation of the plan, which provides no payments to creditors through the court or outside the court.

*Claim of Lawsuit*

■ The Debtor similarly argues that the lawsuit against his former employer, Standard Oil of Indiana, relating to damages incident to the termination of his employment, is an asset which should, some day, allow him to consummate the plan and pay the debt of each and every creditor. The basis and merits of the lawsuit have not been shown to the court. The prospects of an unemployed, poverty-stricken individual prevailing in a reasonable period of time in such a lawsuit against such a colossal industrial enterprise seems not very substantial or encouraging. The debtor has presented no evidence which indicates that the claim is anything other than speculative in substance and remote in time. At least, it is not an asset which can be liquidated in a reasonable time that can provide the regular and stable income required to propose and confirm a plan, or to provide adequate protection under 11 U.S.C. 362(d) and (e). In reality, it is not an asset in this Chapter 13 case.

■ 11 U.S.C. § 1322(b)(8) is not a provision which allows a Chapter 13 petition or a plan to be solely founded upon an unliquidating equity in a debtor's asset. It is merely an optional provision for inclusion in a plan to provide for *payment* of a particular claim in a Chapter 13 case of a debtor who is eligible for Chapter 13 relief. This court finds no indication from the Code or legislative history of the Bankruptcy Reform Act of 1978 that 11 U.S.C. § 1322(b)(8) was intended to broaden the scope of Chapter 13 eligibility over a debtor to except that debtor from the requirement of regular and stable income as required by 11 U.S.C. § 101(24) and § 109(e).

*Regular and Stable Income*

Section 109 of the Bankruptcy Code sets forth the criteria for "who may be a debtor." Section 109(e) provides:

"Only an individual with regular income . . . may be a debtor under Chapter 13 of this title."

Section 101(24) offers the following definition: "[I]ndividual with regular income" means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 of the title, other than a stockbroker or a commodity broker."

■ Under the Bankruptcy Code the test for availability of Chapter 13 as a procedure for debtor relief is the stability *and* regularity of the debtor's income. *In the Matter of Cole,* 6 B.C.D. 216, 3 B.R. 346 (S.D.W.Va.1980). Section 101(24) contemplates that the debtor "make payments," and that the debtor's income sufficiently exceeds his expenses so that he can maintain a regular payment schedule. *In re Terry,* 630 F.2d 634, 6 B.C.D. 974, 975 (8th Cir. 1980). The debtor must provide some factual basis so that the court can determine both the regularity and stability of the debtor's income. The burden of proof is upon the debtor. The debtor must establish his ability to make such payments as are proposed under the plan.

■ In this instance the Debtor is unemployed. He has not shown that he has regular or stable income. The liquidation of the admitted equity in the residence at the end of the thirty-six (36) month period of the plan cannot supply the regular and stable income necessary to satisfy Sections 109 and 101(24) and the debtor eligibility requirements to file and sustain a Chapter 13 petition and to satisfy the confirmation requirement of Section 1325(a)(6). The existence of substantial equity in the residence, without more, i.e.: proposal for early liquidation, cannot provide the adequate protection required under § 362(d) and (e).

■ The Debtor has proposed a plan for regular repayments which was confirmed. However, he has not performed under that plan. The confirmed plan is in default. No regular payments have been made to the Chapter 13 trustee or to this mortgagee. Without demonstrated regular and stable income, the Bankruptcy Court has no proper jurisdiction over a Chapter 13 petition.[1]

The automatic stay must be terminated as requested by Plaintiff.

The Chapter 13 petition must be dismissed or converted to Chapter 7.[2]

Pursuant to Bankruptcy Rule 921(a) a separate order will be entered in accordance with the above opinion.

---

1. "Jurisdiction" is an imprecise and perhaps improper label, because the court *may* have proper Title 11 U.S.C. jurisdiction over the debtor without the debtor possessing Chapter 13 eligibility. Eligibility for Chapter 13 relief may be the more proper reference where, under 11 U.S.C. § 109(e) and 101(24), Chapter 13 is an improper Title 11 U.S.C. accommodation for a debtor.

2. *In re Wiggles,* 6 B.C.D. 1326, 7 B.R. 373 (N.D.Ga.1980); *In re Terry,* 630 F.2d 634, 6 B.C.D. 974 (8th Cir. 1980).