**In re Ralph M. FULGHUM d/b/a The Stripping Center, Debtor.**

**Bankruptcy No. LR 81–633.**

United States Bankruptcy Court,
E. D. Arkansas, W. D.

April 19, 1982.

Faber Jenkins, Little Rock, Ark., for debtor.

ORDER CONFIRMING PLAN OF ARRANGEMENT UNDER CHAPTER 13 OF THE BANKRUPTCY CODE ON CONDITION THAT PLAN IS EXTENDED TO MAXIMUM FIVE YEAR PERIOD AND PAYMENT INTO PLAN FOR LAST TWO YEARS WILL GO TO PAY UNSECURED CREDITORS

DENNIS J. STEWART, Bankruptcy Judge.

The debtors propose a three-year plan of arrangement under Chapter 13 of the Bankruptcy Code, under which they propose to pay $230.00 monthly into the plan and to return certain property to secured creditors, all to repay some $14,773.12 in secured indebtedness.  No payment is proposed to be made on account of $50,643.07 in unsecured debt.

Some of the unsecured creditors have accordingly objected to confirmation of the plan of arrangement on the ground that, in proposing no payment at all to unsecured creditors, the plan is not proposed in good faith under the rule of *In re Terry*, 630 F.2d 634 (8th Cir. 1980), which

holds that some meaningful payment to creditors must be proposed. Generally, the meaning of "good faith," as it is made a prerequisite to confirmation is an issue resolvable on a case-by-case basis. See *Matter of Curtis*, 2 B.R. 43 (Bkrtcy.W.D.Mo. 1979). Under the interpretation employed by that case, "good faith" is essentially the debtors' payment of the outstanding debt according to his ability. In this case, the objecting creditors do not contend that they would receive any more than nothing if straight liquidation under chapter 7 ensued. Rather, their objection is that they are not being paid according to the debtors' ability to pay.

█ The monthly budget which has been submitted shows that, in paying $230.00 per month into the plan, the debtors propose to pay all their income and expenses will allow. In this case, however, an important and compelling factor to be considered is that the unsecured debt comprises by far the greatest amount of debt owed by the debtors. Thus, even if it may be generally true that no payment need to be proposed to the unsecured creditors, in this case, when the unsecured debt is more than triple the sum of the secured debt proposed to be paid, "good faith" requires that significant payments be made to unsecured creditors. This can only be done according to the debtors' ability to pay. If the plan, accordingly, is extended to the maximum 60-month plan allowable by § 1322 of the Bankruptcy Code, and the $230.00 payable monthly then disbursed *pro rata* to the unsecured creditors, a payment to unsecured creditors in an approvable amount will be proposed. It is therefore

ORDERED that the debtors' plan of arrangement under chapter 13 of the Bankruptcy Code be, and it is hereby, confirmed on condition that it is modified so as to extend it to a 60-month plan, with the monies paid into the plan during its last 24 months to be distributed *pro rata* to the unsecured creditors.