**In re John F. DONOHUE aka/dba Jack Donohue, Debtor.**

**Bankruptcy No. 87–03571–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 22, 1987.

John F. Donohue, pro se.

Kathleen Molchan, Ft. Lauderdale, Fla., for debtor.

Irving E. Gennet, Trustee, Boca Raton, Fla.

W.L. Randol, Jr., Miami, Fla., for Pathway Financial.

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

THOMAS C. BRITTON, Chief Judge.

This chapter 13 debtor's plan was before the court for confirmation on December 15. Following the hearing, the court announced denial of confirmation and dismissal of this case without prejudice. This Order confirms and explains the court's ruling.

 This debtor's plan is predicated upon the continued income of $3,131 a month take-home pay from his employment by Teck Housing Corp. where he had worked for six months. This income greatly exceeded his gross annual income for the preceding year of $5,000.

However, at the hearing, the debtor reported that he had lost this employment, had been unable to obtain other employment, but expected to be employed in February of 1988.

This debtor does not fall within the statutory definition of persons eligible for relief under chapter 13:

"Only an individual *with regular income* ... or an individual *with regular income* and such individual's spouse ...may be a debtor under chapter 13 of this title."  11 U.S.C. § 109(e) (Emphasis supplied).

The term "individual with regular income" is further defined in § 101(29):

"'individual with regular income' means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title, other than a stock broker or a commodity broker."

Confirmation of this debtor's plan is denied.  This case is dismissed.  Dismissal is without prejudice, however, to this debtor again filing for relief under chapter 13 if and when his actual income justifies a finding that his "income is sufficiently stable and regular to enable" him to make payments under a plan.  To permit this debtor to remain in bankruptcy under shelter of the automatic stay, § 362(a), in the hope that several months from now he *may* be an eligible chapter 13 debtor, would be a prejudicial abuse of chapter 13.  *Tenney v. Terry (In re Terry)*, 630 F.2d 634 (8th Cir.1980).