In the Matter of Laverne
H. MEINTS, Debtor.

Nos. 4:97CV3343, BK97–41716.

United States District Court,
D. Nebraska.

July 27, 1998.

---

Laverne H. Meints, Wymore, NE, pro se.

Kathleen A. Laughlin, Omaha, NE, for United States Trustee.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This matter is before the court upon Laverne Meints' appeal from United States Bankruptcy Judge Minahan's order dismissing his case for failure to pay the filing fee; to pay costs and expenses to Gage County, Nebraska, in connection with dismissal of one of Meints' prior bankruptcy cases; and to file fully completed bankruptcy schedules and statements of financial affairs. (Record on Appeal, Filings 4 & 5.)

As explained in Judge Minahan's order, Meints has filed bankruptcy in the District of Nebraska on at least two prior occasions. In the bankruptcy court's November 22, 1993, dismissal of one of those cases, the judgment and order barred Meints from filing another bankruptcy case after 180 days from that date unless Meints "(i) pays the filing fee for the new case in cash or certified funds; (ii) files an affidavit demonstrating that he has paid the costs and expenses awarded to Gage County in connection with this bankruptcy case; and (iii) files fully completed bankruptcy schedules and statements of financial affairs." (Record on Appeal, Filing 5.)

Because Meints failed to comply with the conditions specified in the November 22, 1993, order upon the filing of the bankruptcy case at issue, Judge Minahan dismissed the case sua sponte and without giving Meints an opportunity to be heard, stating that:

I do not dismiss this case lightly without giving due consideration to the right of Mr. Laverne Meints to notice and opportunity to be heard. He stands under compulsion of the previous court order. He has made no attempt to comply with the terms of that order, and he has not filed a motion for an extension of time to comply with that order. He has not filed pleadings seeking to be excused from the conditions imposed by my previous order, based on any change of circumstances which may have occurred between the date of the entry of that order and today's date.

Mr. Laverne Meints is not in compliance with the terms of the court's previous order and this bankruptcy case should be dismissed.

(Record on Appeal, Filing 5, at 2.)

■ In this appeal, Meints challenges the bankruptcy court's authority to dismiss his case on the court's own motion without providing Meints notice and a hearing. (Filing 7, at 2.) Dismissal of Chapter 13 cases is governed in part by 11 U.S.C. § 1307, which provides that the court may dismiss a Chapter 13 case for cause "on request of a party in interest or the United States trustee and after notice and a hearing." 11 U.S.C. § 1307(c).

> However, a 1986 amendment to section 105(a) of the Code gives the court the power to *sua sponte* take any action necessary to enforce or implement court orders or rules, or to prevent an abuse of process, and that section, as amended, presumably would give the court the power to dismiss a case *sua sponte.*

8 *Collier on Bankruptcy* § 1307.04, at 1307–9 (Lawrence P. King ed., 1998) (italics in original). Section 105(a), as amended, provides as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

Thus, in an effort to enforce the bankruptcy court's order in Meints' previous bankruptcy case, and to prevent an abuse of the bankruptcy process, Judge Minahan correct-

ly dismissed Meints' bankruptcy case sua sponte for failure to comply with the court's prior order pursuant to 11 U.S.C. § 105(a). The bankruptcy court in 1993 provided Meints with notice of the requirements to be met before he filed another bankruptcy case, and Meints intentionally filed this bankruptcy case without meeting such requirements or filing any pleadings indicating a change in circumstances such that Meints should be excused from the conditions stated in the order.

The Eighth Circuit Court of Appeals' construction of 11 U.S.C. § 1307(c) in *In re Terry*, 630 F.2d 634, 636 n. 5 (8th Cir.1980)—prior to the 1986 amendment to section 105(a)—does not require a contrary conclusion. *Terry* involved review of a bankruptcy court's substantive determinations regarding the debtors' eligibility for Chapter 13 relief and confirmation of a zero-payment Chapter 13 plan. The court reversed the bankruptcy court's order confirming the plan and remanded the matter for further proceedings, noting in a footnote that the Bankruptcy Code did not specify the procedures to be followed if the plan was subsequently rejected by the bankruptcy court. In the footnote, the court warned that the debtors could not present an alternative Chapter 13 plan due to their inability to make payments under it, leaving as alternatives conversion or dismissal pursuant to 11 U.S.C. § 1307. The court concluded by noting in passing, "As we read § 1307, a court cannot order dismissal or conversion on its own motion." *In re Terry*, 630 F.2d at 636 n. 5.

 *Terry* involved a substantive merits determination that resulted in remand to the bankruptcy court for reconsideration of those substantive issues. In such a case, sua sponte dismissal would not have been appropriate without notice and an opportunity to be heard. Meints' case, however, involves the very narrow procedural issue of whether the bankruptcy court can, on its own motion and without notice, dismiss a Chapter 13 case for failure to follow a court order of which the debtor had ample advance notice. As determined above, 11 U.S.C. § 105(a) sanctions such a dismissal. We wish to clarify, however, that the law in this circuit is that a

sua sponte dismissal is not permissible when the dismissal is based on a determination of the merits of a Chapter 13 plan. *Terry*, 630 F.2d at 636.

Accordingly,

IT IS ORDERED that this appeal is dismissed.