In re Lillie **BRANDFORD**, Debtor.

**No. 07–23261 JPK.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

April 17, 2008.

Ricardo, B. Casas, Hammond, IN for the Debtor.

Paul R. Chael, Merrillville, IN, Chapter 13 Trustee.

*MEMORANDUM OF DECISION*

J. PHILIP KLINGEBERGER,
Bankruptcy Judge.

When this Chapter 13 case was initiated by a petition filed on November 29, 2007, the debtor Lillie Brandford was the debtor in a pending Chapter 13 case, case number 02–63138, in which she had not yet received a discharge. The issue presented is whether under the circumstances presented by the record in both cases, the second case should be dismissed, thus precluding the debtor's being involved in two simultaneously pending Chapter 13 cases.

## I. *HISTORY OF PROCEEDINGS*

Case number 02–63138 was initiated by a petition filed by Lillie Pearl Brandford ("Brandford") on July 2, 2002. Brandford filed her Chapter 13 plan in that case on August 5, 2002, and the plan was confirmed by order entered on December 27, 2002. The Chapter 13 Trustee, Paul R. Chael, filed his Trustee's Final Report on December 21, 2007; an order discharging the debtor· was entered on January 22, 2008; and the case was closed by order entered on January 22, 2008.

 Case number 07–23261 was initiated by a petition filed on November 29, 2007. The case was originally assigned to the Honorable Kent Lindquist. On November 30, 2007, Judge Lindquist issued an order which states the following:

> The Court takes judicial notice that on November 29, 2007 the above-captioned Debtor filed her Chapter 13 Petition, which was assigned to this Court. This case is still pending.

> The Court also takes judicial notice that on July 2, 2002 the Debtor filed a Voluntary Chapter 13 Petition under Case No. 02–63138, which was assigned to the Honorable J. Philip Klingeberger.

> The Debtor's Plan was Confirmed in Case No. 02–63138 on December 27, 2002. However, the Trustee has not yet filed his Final Report and Account and accordingly the Debtor has received no discharge in Case No. 02–63138. Accordingly, an issue has been raised by this Court, *sua sponte* as to whether the Debtor may have two Chapter 13 cases pending simultaneously.

> The Court concludes that this issue should be resolved by Judge Klingeberger. Accordingly, pursuant to N.D. Ind. L.B.R. B–1073–1(d), this Court hereby consents that Judge Klingeberger shall act as Judge as to any and all matters to be decided in this case and Case No. 02–63138.

On December 17, 2007, the Court issued an "Order Scheduling Hearing Regarding Dismissal of Case" which noted the simultaneous pendency of case numbers 02–63138 and 07–23261, expressed the Court's initial view that "the debtor cannot initiate a valid Chapter 13 case while she is still the debtor in a presently-pending Chapter 13 case", and scheduled a hearing for January 14, 2008 to determine whether the debtor's petition in case number 07–23261 should be dismissed.[1] At the hearing held

---

1. A United States Bankruptcy Court's authority to *sua sponte* raise the issue of dismissal of a case is provided for by 11 U.S.C. § 105(a), which invests a bankruptcy court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title". In addition, 11 U.S.C. § 105(a) provides that a provision of Title 11 which provides for the raising of an issue "by a party in interest" is not to "be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process". A bankruptcy court's authority to *sua sponte* raise the issue of dismissal of a case is clearly within the power granted by this statute; *In re Cricker*, 46 B.R. 229 (N.D.Ind.1985) [upholding the bankruptcy court's authority to *sua sponte*

on January 14, 2008, the Court scheduled a hearing for January 28, 2008 and requested that the parties address the case of *In re Sidebottom*, 430 F.3d 893 (7th Cir.2005) at that hearing. The Chapter 13 Trustee, Paul R. Chael ("Trustee") filed a memorandum of law on January 24, 2008. Following the hearing of January 28, 2008, the Court entered an order on January 30, 2008 which provided that Brandford would file a memorandum of law within 30 days, and that memorandum was timely filed on February 29, 2008.

The matter before the Court is whether case number 07–23261 should be dismissed pursuant to 11 U.S.C. § 1307(c) "for cause". The Court has jurisdiction of this contested matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and L.R. 200.1 of the Rules of the United States District Court for the Northern District of Indiana. This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## II. *THE RELEVANT RECORD*

The record necessary for determination of this matter is entirely derived from the Court's record in case numbers 02–63138 and 07–23261.

### A. *Case Number 02–63138*

Brandford initiated case number 02–63138 by a petition filed on July 2, 2002. Schedules were filed on August 5, 2002, which in pertinent part disclosed the following:

1. Schedule A stated that the debtor's bankruptcy estate included her interest in residential real property commonly described as 3814 Drummond Street, East Chicago, Indiana (the residence address in the debtor's petition).

2. Schedule D listed Fairbanks Capital Corp. as having a lien interest in the real property designated in Schedule A, and stated that this lien interest arose in 2001.

3. Schedule E stated that the debtor had no priority claimants;

4. Schedule F listed four general unsecured creditors, to whom the debtor owed a stated total of $19,784.04.

Brandford filed a Chapter 13 plan on August 5, 2002. The plan provided for payments to Fairbanks Capital pursuant to 11 U.S.C. § 1322(b)(5) to cure an arrearage and maintain current payments; full payment of a secured claim of WFS Financial with respect to a motor vehicle; and a payment of $903.50 to general unsecured creditors. An immaterial modification of this plan was approved by the Court with respect to treatment to be provided to the allowed secured claim of Calumet Jewelers, Inc. The plan was confirmed by order entered on December 27, 2002. No provision of the plan provided for non-vesting of property of the estate in the debtor, and the confirmation order similarly did not provide for non-vesting of property of the estate in the debtor. Thus, pursuant to 11 U.S.C. § 1327(b), upon confirmation of the plan, all property of the estate became vested in the debtor.[2]

On October 11, 2006, GMAC Mortgage Corporation, Successor in Interest to Fairbanks Capital Corp. filed a "Motion for Relief from Stay and to Abandon Real Estate and Request for Telephonic Pre-Hearing", seeking relief from the automat-

---

raise the issue of dismissal of a Chapter 11 case]; *Matter of Meints*, 222 B.R. 870 (D.Neb. 1998) [sustaining the authority of the bankruptcy court to *sua sponte* raise the issue of dismissal of a successive Chapter 13 case].

**2.** The effect, under the record of this case, is that upon confirmation of the plan in case number 02–63138, no property—either acquired prior to the date of the petition or acquired after the date of the petition—remained property of the bankruptcy estate; 11 U.S.C. § 1327(b).

ic stay of 11 U.S.C. § 362(a) and abandonment pursuant to 11 U.S.C. § 554 with respect to real property commonly described as 3814 Drummond Street, East Chicago, Indiana. A pre-hearing conference on this motion was held on November 2, 2006, which was continued to December 14, 2006. As a result of this latter hearing, the Court entered an order on December 14, 2006 which granted the relief requested by GMAC Mortgage Corporation by providing that the property commonly known as 3814 Drummond Street, East Chicago, Indiana was abandoned from the bankruptcy estate[3] and that the creditor was granted relief from the automatic stay with respect to proceeding with its *in rem* remedies against that property.

On September 18, 2007, the Trustee filed a proposed "Order to Employer to Terminate Wage Deduction Order", which under the procedures employed by the Court and the Trustee evidenced the fact that the debtor had completed all payments required by her Chapter 13 plan to be made through the Trustee. The Court entered the proposed order on September 19, 2007. On December 21, 2007, the Trustee filed his "Final Report and Account", evidencing that in the Trustee's opinion Brandford had completed all payments required of her under the terms of her Chapter 13 plan, thus entitling her to a discharge under 11 U.S.C. § 1328(a). In accordance with the procedure implemented by the Court, an order was entered on January 22, 2008 which granted the debtor a discharge under 11 U.S.C. § 1328(a). The case having been fully administered and discharge granted, an order closing the case was entered on January 22, 2008.

**B.** *Case Number 07–23261*

Case number 07–23261 was initiated by a petition filed by the debtor on November 29, 2007.

The sole creditor stated in the list of creditors required by 11 U.S.C. § 521(a)(1)(A) was designated as JPMorgan Chase Bank as Trustee GSRPM MGT. Brandford's schedules were filed on December 27, 2007. Schedule A designated as property of the estate a tenancy by the entirety interest of the debtor in real property,[4] for which neither the legal description nor common address were disclosed. Schedule D designated the sole secured creditor as JPMorgan Chase Bank as Trustee GSRPM MGT. Schedule E stated that no priority creditors were involved in the case, and Schedule F stated no unsecured creditors. Thus, the sole creditor designated in case number 07–23261 is JPMorgan Chase Bank as Trustee GSRPM MGT. While not designating the specific identification of the property listed in Schedule A, that schedule does state that the property is the debtor's "Residential Real Estate". The petition filed by Brandford designated her residence address as 3814 Drummond Street, East Chicago, Indiana, and thus the real estate described in Schedule A in case number 07–23261 is the real estate which was the subject of the "Order Granting Motion for Relief from Stay and to Abandon Real Estate" entered on December 14, 2006 in case number 02–63138. Brandford filed her Chapter 13 plan on December 27, 2007. This plan provides for submission of $1,948.14 per month to the Chapter 13 Trustee, for a term of 60 months. The

---

**3.** Given that the effect of the confirmation of the debtor's plan had re-vested this real estate in the debtor, abandonment of the property pursuant to 11 U.S.C. § 554 was not necessary, as the property was no longer property of the debtor's bankruptcy estate by operation of 11 U.S.C. § 1327(b).

**4.** An interesting statement, in that the debtor's interest in the 3814 Drummond Street property was stated in Schedule A in case number 02–63138 to be "fee simple", indicating sole ownership of that property by the debtor.

sole creditor provided for by the plan is designated in Sections 4(c)(3) and 5 as "GMAC Rescap LLC".[5]

Despite the pendency of potential dismissal of case number 07–23261, that case must proceed according to the dictates of the Bankruptcy Abuse Prevention and Consumer Protection Act and in accordance with those dictates [11 U.S.C. § 1324(b)], a hearing on confirmation of the debtor's plan was held on February 21, 2008. At that hearing, counsel for the Chapter 13 Trustee stated that the debtor's plan was confirmable under the requirements of the Bankruptcy Code if the case survived dismissal.

### III.   *LEGAL ANALYSIS*

■ The issue before the Court is whether case number 07–23261 should be dismissed "for cause" pursuant to 11 U.S.C. § 1307(c). Honing that issue down to the circumstances before the Court, the issue is whether "cause" for dismissal of a Chapter 13 case is established when that case was initiated by a petition filed while a prior Chapter 13 case involving the same debtor, in which the debtor had not yet received a discharge, was pending before the Court. As will be seen, the fact that Brandford had not yet received a discharge in case number 02–63138 is the critical factor in the analysis to be made.

We begin with the concept that there is no express provision in either the Bankruptcy Code or in the Federal Rules of Bankruptcy Procedure which precludes a debtor's involvement in two—or even more—simultaneously pending bankruptcy cases. The result in this case is thus not dictated by a statute, but is rather dictated by judicial decisions which are binding on this Court.

The Trustee essentially contends that dismissal of case number 07–23261 is necessary to prevent potential "gaming the system". The Trustee is obviously concerned with the potential for debtors manipulating and capturing creditors within the bankruptcy system by the filing of concurrent cases, a concern which arises particularly with the implementation of the automatic stay of 11 U.S.C. § 362(a) upon the filing of a successive petition. The Trustee states that the cases of *In re Sidebottom,* 430 F.3d 893 (7th Cir.2005) and *Westphal v. Robinson,* 2007 WL 2751864 (E.D.Wis.2007)—although both dealing with a circumstance in which a Chapter 7 case was pending at the time of the debtor's filing of the successive Chapter 13 case—by analogy require dismissal of this case.

Brandford replies that reported decisions of other courts have adopted a circumspectual approach to the issue before the Court, focusing on essentially the "good faith" circumstances of filing of the successive bankruptcy case. Brandford in her memorandum has cited cases which indeed adopt this approach.

The Court first notes that both the memorandum of the Trustee and the memorandum of Brandford do not cite cases decided in the United States Bankruptcy Court for the Northern District of Indiana which bear upon the issue at hand. In *In re Valparaiso Motel Corporation,* 125 B.R. 228, 229 (Bankr.N.D.Ind.1990), the Honorable Kent Lindquist adopted a *per se* rule regarding the issue before the Court, stating the following:

---

5.  It should be noted that although Brandford received a discharge under 11 U.S.C. § 1328(a) in case number 02–63138 on January 22, 2008, because that case was not filed within the two year period preceding the filing of case number 07–23261, Brandford is entitled to a discharge in the latter case if she fulfills the requirements of the Bankruptcy Code with respect to receiving a discharge in that case.

It is clear that a debtor may not simultaneously maintain two voluntary bankruptcy cases. *See, In re Martin,* 97 B.R. 1013 (Bankr.N.D.Ga.1989); *In re Lunsford,* 39 B.R. 490 (Bankr.N.D.Ga. 1984); *In re Smith,* 85 B.R. 872 (Bankr. W.D.Okla.1988); *In re Borg,* 105 B.R. 56 (Bankr.D.Mont.1989).

Judge Lindquist's decision reached the United States Court of Appeals for the Seventh Circuit, and was affirmed in an *unpublished* decision of that Court [4 F.3d 996, 1993 WL 360952 (7th Cir.) (Ind.)]. The basis for affirmation was the determination that "a debtor may not maintain simultaneous petitions to discharge the same debts". However, Circuit Rule 53(b)(2)(iv) of the United States Court of Appeals for the Seventh Circuit requires that the unpublished decision affirming Judge Lindquist cannot be "cited or used as precedent". Thus, Judge Lindquist's statement stands alone without support by the United States Court of Appeals for the Seventh Circuit as to his conclusion.

Perhaps more interesting is the statement of the Honorable Robert E. Grant in the case of *Matter of Melbourne,* 117 B.R. 415, 421 (Bankr.N.D.Ind.1990), as follows:

Debtor's fourth petition suffers from yet another defect. There is a decided difference of opinion over whether or not a debtor may ever simultaneously maintain two separate bankruptcy proceedings. *See In re Bodine,* 113 B.R. 134 (Bankr.W.D.N.Y.1990); *In re Kosenka,* 104 B.R. 40 (Bankr.N.D.Ind.1989). It is clear, however, that a debtor is not permitted to file a second bankruptcy case prior to the entry of discharge in an earlier proceeding. *Kosenka,* 104 B.R. 40. Debtor's fourth petition for relief was filed while his previous Chapter 7 case was still pending and before any discharge had been entered. This is not permitted and is yet a further indication that the filing was undertaken for an improper purpose.

While not binding upon the author of this decision, the adoption of a *per se* rule—focused in part on a subsequent case being filed before a discharge had been granted in the first case—by two judges of the United States Bankruptcy Court for the Northern District of Indiana is illuminating.

Both Judge Grant's and Judge Lindquist's decisions were made prior to the decision of the United States Court of Appeals for the Seventh Circuit in *In re Sidebottom,* 430 F.3d 893 (7th Cir.2005). The *Sidebottom* decision is difficult to apply as a general principle with respect to the simultaneous pendency of bankruptcy cases. On the one hand, *Sidebottom* can be limited to its facts and can thus be read to preclude the filing of a particularly obnoxious form of Chapter 13 case in which an adversary proceeding for determination of nondischargeability of a debt under 11 U.S.C. § 523(a) is pending in a previously filed Chapter 7 case which the debtor then circumvents under pre-BAPCAP law by the filing of a Chapter 13 case in which the nondischargeability of indebtedness under 11 U.S.C. § 523(a) doesn't matter and renders that indebtedness as simply another unsecured claim. On the other hand, *Sidebottom* can be read to establish a much broader principle.

The facts in *Sidebottom* are these. A contractor, embroiled in a dispute with parties for whom he had constructed a home, filed a Chapter 7 case on April 23, 2001, shortly after the distressed homeowners filed a lawsuit against him in state court on April 9, 2001. The homeowners filed a timely adversary proceeding to seek to except the debtor's debt to them from discharge under 11 U.S.C. § 523(a)(2)(A). A discharge was granted to the debtor on May 31, 2002, and the adversary proceeding was scheduled for a hearing on April 9, 2003. On March 24, 2003, Sidebottom filed

a petition for relief under Chapter 13. The homeowners moved to dismiss the Chapter 13 petition on two grounds, the first being that it was not filed in good faith and the second being that Sidebottom's liquidated, non-contingent unsecured debt exceeded the debt limitation of 11 U.S.C. § 109(e). The bankruptcy court dismissed Sidebottom's Chapter 13 case on the ground that the debt limitation of § 109(e) had been exceeded, and the district court affirmed this decision on appeal. On appeal to the Seventh Circuit, that Court viewed the issue in terms different from those adopted by the bankruptcy court and the district court, stating:

> Although the parties have focused on § 109(e), a more fundamental question is apparent on the face of these proceedings, namely, whether Sidebottom was entitled to maintain a Chapter 13 proceeding while a Chapter 7 proceeding involving the same debts was pending.

The court next discussed decisions which related to the simultaneous pendency of bankruptcy cases by the same debtor, some adopting a *per se* rule, and some adopting a circumspectual approach depending upon the circumstances involved in the two cases.[6] Having discussed competing theories, the Court stated that "there is general agreement that a debtor may not maintain two or more concurrent actions with respect to the same debt", 430 F.3d 893, 898. The Court adopted a position which it stated agreed with that of the Second Circuit BAP in *In re Turner*, 207 B.R. 373, 378 (2nd Cir.BAP (N.Y.) 1997).

The court concluded with the following somewhat amorphous determination:

> (I)t seems to us that a debt like the Broyleses' claim against Sidebottom that is expressly excluded from a general discharge under Chapter 7 falls within the rule articulated by the *Turner* panel. As *Freshman* might have put it, the effort to litigate the same matter simultaneously in the Chapter 13 proceeding should have been rejected on the grounds of "same matter pending." This is not a case in which the Chapter 7 proceeding was finished except for some minor technicalities at the end, like the filing of a trustee's final report. Allowing Sidebottom to proceed with the Chapter 13 case significantly affects the Chapter 7 trustee's ability to administer the estate, because it will change how much each creditor gets paid if the Broyleses' claims are resolved through the Chapter 13 process.

430 F.3d 893, 898–9.

■ It is particularly instructive to note the facts of *In re Sidebottom*. While the disgruntled homeowners had filed an adversary proceeding in Sidebottom's Chapter 7 case to determine exception from discharge of their debt under 11 U.S.C. § 523(a)(2)(A), that action had not proceeded to trial, and had not been determined in any way, as of the date that Sidebottom filed his Chapter 13 case. This Court is somewhat at a loss to explain why the Seventh Circuit stated that allowing the Chapter 13 case to proceed in the

---

**6.** In the course of this discussion in footnote 1, the *Sidebottom* decision seems to state that a debtor's inability to obtain a discharge in a Chapter 13 case by operation of 11 U.S.C. § 1328(f) is somehow a bar to the filing of a Chapter 13 case. This statement, which entirely misperceives the eligibility requirements of 11 U.S.C. § 109 and is contrary to most reported decisions on this issue entered under the BAPCAP, is strictly *dicta* in this Court's view, and has no bearing on the outcome of this decision. This Court is of the view that the fact that a debtor is not entitled to a discharge by operation of § 1328(f) does not bar a debtor from seeking relief under a Chapter 13 case, as eligibility to obtain a discharge is not a requirement for a debtor's eligibility for Chapter 13 relief under 11 U.S.C. § 109.

face of an adversary proceeding asserting exception to discharge of a particular debt would affect the Chapter 7 Trustee's ability to administer the estate by somehow changing the amount each creditor would be paid in the Chapter 7 bankruptcy estate distribution scheme. Whether or not the disgruntled homeowners succeeded in their nondischargeability case did not involve any effect on Chapter 7 distribution, at least as far as the record stated in the *Sidebottom* decision demonstrates—the creditors would still only have had an unsecured claim for the purposes of Chapter 7 distribution. If one views the adversary proceeding to in part involve the liquidation of a claim, then the liquidation of that claim would have been necessary in the Chapter 13 case as well, and when it was liquidated, it would have been the same liquidated claim for the purposes of treatment and distribution under Chapter 7, or with respect to a Chapter 13 plan. The Court also notes that the above-quoted statement from *In re Sidebottom* includes a reference to the fact that the Chapter 7 case was not finished "except for some minor technicalities at the end, like the filing of a trustee's final report". This statement may appear to give some support to Brandford's position that *Sidebottom* does not adopt a *per se* rule, and that confronted with a circumstance such as that presented to the Court here (the Chapter 13 case was apparently concluded by the Trustee's acknowledgment that a wage order was no longer required prior to the filing of the subsequent Chapter 13 case), the Seventh Circuit would not prohibit the filing of the subsequent Chapter 13 case. However, as difficult as *Sidebottom* is to apply, this Court believes that it establishes one critical principle: a subsequent bankruptcy case cannot be filed in a circumstance in which debts subject to discharge in a simultaneously pending prior case have not been determined to be discharged.

It should also be noted that *Sidebottom* referred to the hoary United States Supreme Court case of *Freshman v. Atkins,* 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925), construing that case to have allowed a succeeding bankruptcy petition only with respect to debts incurred subsequent to the filing of the petition in the prior case, and to have held that the pendency of the prior case without discharge of those debts subject to the prior case precluded the filing of a subsequent case with respect to the debts subject to discharge determination in the first case. This is also a critical factor in this Court's analysis.

Having been armed with the law as determined by the Seventh Circuit Court of Appeals and by the United States Supreme Court, the Court now turns to application of that law to the instant case.

■ First, there is no basis here for the application of any consideration concerning the "single estate rule" eloquently described in *In re Bullock,* 206 B.R. 389, 393 (Bankr.E.D.Va.1997)—which holds that property of the debtor cannot be property of more than one bankruptcy estate. As stated previously, confirmation of the debtor's plan in case number 02–63138 vested all property of the estate in that case—of whatever nature provided for by 11 U.S.C. § 1306—in the debtor, and thus when Brandford filed case number 07–23261, there was no competing bankruptcy estate left in case number 02–63138.

Secondly, the Court finds that there is no basis upon which to determine that case number 07–23261 was filed in bad faith: even the Trustee does not contend that it was, relying instead upon the hypothetical problems of manipulation presented by the circumstances of simultaneous filings.

The Court also notes that the indebtedness owed to the creditor described in case number 02–63138 as "GMAC Mortgage

Corporation, Successor in Interest to Fairbanks Capital Corp.", and described in case number 07–23261 as "GMAC Rescap LLC", is excepted from discharge by operation of law—in both bankruptcy cases—as a long term debt subject to 11 U.S.C. § 1328(a)(1). Thus, there is no element here of the pendency of a proceeding in a prior case to determine the dischargeability of a debt subject to proceedings in a subsequent case in relation to this debt.

However, the focus is not the sole creditor sought to be affected by case number 07–23261 as the debtor has defined that focus by listing GMAC Rescap LLC as the sole creditor in case number 07–23261. Rather—as dictated by the United States Supreme Court and by the United States Court of Appeals for the Seventh Circuit— the focus is whether two bankruptcy cases are simultaneously proceeding in which matters concerning dischargeability of debts of the debtor are pending in both. In the circumstances in this case, they are. When case number 07–23261 was filed, the full amount of indebtedness which was asserted by claims filed in case number 02–63138 or which might have been asserted by creditors subject to that case who had not filed claims—was still fully chargeable to Brandford because she had not yet received her discharge in case number 02–63138. Whether or not Brandford listed or designated creditors subject to case number 02–63138 as creditors in case number 07–23261, they *were* creditors in that subsequent case. They were separately subject to the imposition of 11 U.S.C. § 362(a) in the subsequent case, and they were separately subject to a determination of dischargeability of their debts in case number 07–23261 had Brandford not discharged their debts in her prior case. Thus, while Brandford attempted to limit her second case solely to a creditor who as a matter of law was not subject to discharge in case number 02–63138—and thus did not run afoul of maintaining two simultaneous proceedings in which determination of dischargeability of that debt was at issue—she did maintain simultaneous cases in which the dischargeability of debts incurred prior to the filing of case number 02–63138 was at issue. Although it didn't happen (and it is very difficult to perceive a circumstance in which a debtor would rationally do so), Brandford could have dismissed case number 02–63138 after completion of payments to the Trustee in that case and prior to the entry of her discharge—this Court holds that 11 U.S.C. § 1307(b) is a statement of a debtor's absolute right to dismiss a Chapter 13 case, perhaps only subject to potential conversion of the case to a Chapter 7 in the event of commission of fraud during the pendency of, or in relation to, the Chapter 13 case, an issue not at all presented in this record. Given that ultimate control, the debtor herself had the ability to cause determination of discharge of her creditors in case number 02–63138 to be subject solely to case number 07–23261, and thus to avoid the dismissal which results from the circumstances presented to the Court. Obviously, a rational debtor, having completed payments under her plan in a prior case, would choose to obtain the discharge of dischargeable debts granted by 11 U.S.C. § 1328(a) in that prior case. Having once obtained a discharge in the prior case, nothing would then have precluded the debtor from filing a subsequent case hard upon the heels of the first in order to deal with debts which were not fully accommodated in the first. Moreover, the discharge of debts in case number 02–63138 was not a foregone conclusion when case number 07–23261 was filed. The fat lady, as the purveyor of the § 1328(a) discharge, had yet to sing in case number 02–63138, and until she did and the debtor's discharge was granted as a final order in that case, the dischargeability of debts dealt with in that case remained open with

respect to case number 07–23261. The debtor's omission of two secured creditors and four unsecured creditors subject to case number 02–63138 from creditors she designated in case number 07–23261 does not alter the fact that the discharge of those creditors' debts would be subject to the latter case if the debtor didn't receive her discharge in the prior case, if for no other reason than by operation of 11 U.S.C. § 523(a)(3), or by Brandford's amendment of documents filed in case number 07–23261 to include those creditors were her discharge with respect to them not granted in case number 02–63138. In conclusion, until her discharge was granted in case number 02–63138, Brandford's attempt to limit case number 07–23261 to one creditor did not eliminate six creditors subject to case number 02–63138 from being subject to a determination of dischargeability of their debts in relation to case number 07–23261.

Based upon its view of the dictates of *Freshman v. Adkins, supra.* and of *In re Sidebottom, supra.*, the Court determines that case number 07–23261 must be dismissed "for cause" because determination of dischargeability of debts of Brandford's creditors was pending in case number 02–63138 when determination of dischargeability of those debts was also made subject to case number 07–23261.

IT IS ORDERED, ADJUDGED AND DECREED that the petition filed in case number 07–23261 is dismissed for cause pursuant to 11 U.S.C. § 1307(c).