**In re Linda Lee ERWIN, a/k/a Linda L. Erwin, a/k/a Linda Lee Jensen, a/k/a Linda L. Jensen, Debtor.**

**Bankruptcy No. 80 B 05932 M.**

United States Bankruptcy Court,
D. Colorado.

March 24, 1981.

George T. Carlson, Littleton, Colo., for debtor.

Marcia S. Krieger, Denver, Colo., for Janet G. MacFarlane, Denver, Colo., standing Chapter 13 trustee.

---

## MEMORANDUM OPINION

JOHN P. MOORE, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Standing Trustee's objection to confirmation of the Debtor's Chapter 13 Plan. Debtor's schedules indicate that she owes no priority debts, no secured debts, and unsecured debts in the approximate amount of $3,600.00. Because the plan provides payment of one dollar to each of four unsecured creditors and nothing else, the Trustee objects to confirmation on the grounds that the plan violates §§ 1325(a)(1) and (3) of the Bankruptcy Code.

The Debtor challenges the Trustee's standing in this action, but the issue is not troublesome. I have no doubt that the Trustee has standing to bring this objection under 11 U.S.C. § 1302(b)(2)(B). This provision mandates that the trustee "shall ... appear and be heard at any hearing that concerns ... confirmation of a plan ...". I am convinced that the clear language requiring the trustee to be "heard" concerning confirmation leads to the inescapable conclusion that the trustee is a "party in interest" with standing to object to confirmation.

The primary problem to be faced here is whether this Debtor's plan complies with the provisions of Chapter 13 and other applicable provisions of the Code. The Debtor alleges that she owes no priority or secured claims; therefore, no payments are to be made other than to creditors holding unsecured claims. Despite these circumstances, however, when one judges this plan within the context of the Code as a whole, it is apparent that in substance the plan is equal to a liquidation, hence it is no more than a wolf in sheep's clothing, because it embodies none of the purpose and spirit of Chapter 13.

Unless a plan complies with the provisions of Chapter 13 and pertinent sections of Title 11, § 1325(a)(1) bars confirmation. Thus, the question is whether a Chapter 13 plan which is simply a disguised liquidation is within the contemplation of any part of the Bankruptcy Code. A survey of the relevant parts of the Code and its underlying legislative history clearly reveals a pervasive intent that a Chapter 13 debtor make "payments to creditors", thus distinguishing Chapter 13 from Chapter 7. Threshold requirements for Chapter 13 eligibility are found in §§ 109(e) and 101(24), which provide respectively that "only an individual with regular income ... or an individual with regular income and such individual's spouse ... may be a debtor under Chapter 13 ..." and that an "individual with regular income" is one whose "income is sufficiently stable and regular to enable such individual to make payments under a plan ...". Language throughout Chapter 13 repeatedly refers to the making of "payments to creditors". § 1322(a), (b) and (c); § 1325(a)(6); § 1326(a) and (b); § 1328(a); and § 1329.

Even though resort to the legislative history is not mandated here because of statutory ambiguity, such reference is helpful because it clearly reveals an intent to require a plan of repayment to creditors. The House Report states:

The purpose of chapter 13 is to enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of his debts over an extended period.

. . . . .

The benefit to the debtor of developing a plan of repayment under chapter 13, rather than opting for liquidation under chapter 7, is that it permits the debtor to protect his assets. In a liquidation case, the debtor must surrender his nonexempt assets for liquidation and sale by the trustee. Under Chapter 13, the debtor may retain his property by agreeing to repay his creditors.... The plan may provide for full or partial payment of creditors, over any period up to three years, and with the court's approval, up to five years. It may provide for the payment of those claims only out of future income, or out of future income and through liquidation of some of the debtor's property.... House Rep.No. 95–595, 95th Cong. 1st Sess. (1977), p. 118–123, U.S.

Code Cong. & Admin.News 1978, pp. 5787, 6079.

The Senate Report also bolsters the conclusions that a plan to make payment to creditors in intended by Chapter 13:

The new chapter 13 undertakes to solve these problems insofar as bankruptcy law can provide a simple yet precise and effective system for individuals to pay debts under bankruptcy court protection and supervision. The new chapter 13 will permit almost any individual with regular income to propose and have approved a reasonable plan for debt repayment based on that individual's exact circumstances.... Senate Report No. 95–989, 95th Cong., 2nd Sess. (1978), p. 13, U.S.Code Cong. & Admin.News 1978, p. 5799.

Equally clear is the congressional intent to distinguish Chapter 13 relief from that available under Chapter 7;

Some consumer debtors are unable to avail themselves of the relief provided under chapter 13. For these debtors, straight bankruptcy is the only remedy that will enable them to get out from under the debilitating effects of too much debt. House Rep.No. 95–595, *id.* p. 125, U.S.Code Cong. & Admin.News 1978, p. 6086.

The Senate report concurs, stating:

It is also necessary to prevent chapter 13 plans from turning into mere offers of composition plans. Senate Rep.No. 95–989, *id.* p. 13, U.S.Code Cong. & Admin. News 1978, p. 5799.

A skeletal plan such as that present in this case, which, in practical terms, is indistinguishable from a liquidation under Chapter 7 cannot be within the contemplation of, and, hence, cannot be confirmed under the auspices of, Chapter 13. A similar conclusion was reached by the Eighth Circuit Court of Appeals in *Tenney v. Terry*, 630 F.2d 634, 6 B.C.D. 974 (8th Cir., 1980), in which the court refused to confirm a plan which provided no payment to any creditor, stating that Chapter 13 contemplated the making of payments. Compare also *In re Hurd*, 6 B.R. 329, 3 C.B.C. 303 (Bkrtcy., N.D., 1980); *In re Cook*, 3 B.R. 480 (Bkrtcy., S.D.W.Va., 1980).

Chapter 13 was clearly not intended to encompass all situations in which relief from debts is needed. When a case is in actuality a liquidation, it cannot assume the guise of a Chapter 13 plan:

We must avoid the notion that this form of relief [Ch. 13] was intended for all. Some debtors, from either lack of sufficient desire or lack of sufficient means will be left to Chapter 7 for relief from their debts. Congress recognized this fact. The courts should not do less. *In re Cook, supra*, 3 B.R. at 486.

Lest my conclusion be misinterpreted, let me clearly announce my decision does not stand for the proposition that all plans offering minimal payments to unsecured creditors are unconfirmable. In the past, as now, I have chosen not to follow that path. *See: In re Jenkins*, 4 B.R. 278 (Bkrtcy., D.Colo., 1980). If the plan here before me offered to make a significant payment to one or more creditors holding priority or secured claims, in addition to its proffered one dollar per unsecured claim, it would be distinguishable from a Chapter 7 liquidation. Such a plan would not be subject to the objections I voice now. Yet, in a real and practical sense, the result to be effected through this plan is exactly the same as if the Debtor had sought a liquidation; accordingly, the plan simply cannot be confirmed.

As I have disposed of the pivotal issue through the foregoing analysis based on the mandate of 11 U.S.C. § 1325(a)(1), I see no need to address the issue of good faith. Suffice it to say that I reject once again the Trustee's argument that the "good faith" language of § 1325(a)(3) may require payment of creditors of an amount greater than that demanded by § 1325(a)(4). As appropriately noted in *In re Seely*, 6 B.R. 309 (Bkrtcy., E.D.Va., 1980), the concept of good faith should not be linked to amount of payment, but instead is a standard to be applied by Bankruptcy Courts to thwart misuse of the Bankruptcy Code to further "sinister and unworthy schemes". *In re Leal*, 7 B.R. 245, 3 C.B.C. 299 (Bkrtcy.,

D.Colo., 1980). An order denying confirmation of the Debtor's plan will be entered.