In re Stanley Salas GAVIA and, Patricia Ann Gavia; Shirley Ann Hubbard; Joe A. Castillo and Mary Ramos Castillo, Debtors.

BAP No. EC–82–1076–HKE.
BAP No. EC–82–1077–HKE.
BAP No. EC–82–1078–HKE.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued July 16, 1982.

Decided Sept. 24, 1982.

John Tosney, Law Firm of Melvyn J. Coben, Sacramento, Cal., for appellant.

David E. Russell, Russell, Jarvis, Estabrook & Dashiell, Sacramento, Cal., for appellee.

Before HUGHES, KATZ and ELLIOTT, Bankruptcy Judges.

## OPINION

PER CURIAM:

Appellants in these consolidated appeals challenge orders denying confirmation of their plans under Chapter 13 of the Bankruptcy Code. Each of these "liquidating" plans called for a single payment to creditors from the sale proceeds of each appellant's residence.

We affirm.

### I.

The facts in each case are substantially similar. Appellants each filed petitions and proposed plans under Chapter 13 of the Bankruptcy Code. In each case, the appellants stated that their monthly income precluded a traditional wage earner plan. We interpret this to mean that they were unable to make monthly payments from their wages. Therefore, each appellant proposed a plan based on the liquidation of his home.

The Gavia plan reads, "The petitioner proposes to pay all creditors in full through the sale of the home with the anticipated

sale within six months from date of confirmation." The Hubbard plan reads, "The petitioner proposes to pay all creditors in full in approximately six months after the plan is confirmed by the court." The Castillo plan reads, "The petitioner proposes to pay all creditors in full through the sale of the residence, six months from the date of confirmation of the plan."

The trial court denied confirmation of the plan in each case in nearly identical opinions. The court held that the plans did not comply with 11 U.S.C. § 361, because the secured creditors were not adequately protected. Further, it held that the plans did not comply with 11 U.S.C. § 1322(b)(5) in that they did not provide for a maintenance of payments to the creditors during the pendency of the case. Finally, the trial court ruled that the plans violated 11 U.S.C. § 1325(a)(6), in that the plans were not feasible.

## II.

One requirement for confirmation of a Chapter 13 plan is proof that the debtor will be "able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). This is the so called feasibility requirement. The trial court found that "the possible liquidation of the debtors' homes for the hoped for sales price within a specific time in a depressed market would not convince a reasonable person that the debtor[s] will be able to comply with [their] plans." This is a finding of fact, which we may not disturb on appeal unless it is clearly erroneous. Bankruptcy Rules 810, 752. *Purer and Co. v. Aktiebolaget Addo,* (9th Cir.1969), 410 F.2d 871, cert. den. 396 U.S. 834, 90 S.Ct. 90, 24 L.Ed.2d 84.

In order to comply with their plans, the appellants had to sell their homes within six months for an amount that would enable them to pay off all encumbrances and costs of sale and leave enough money to pay their unsecured creditors in full.

The trial court had the following evidence before it. The Gavias listed their residence as having a total value of $49,000, with encumbrances of $37,000. They owed over $8,000 to 20 creditors. Therefore, they would have to find a purchaser willing to pay cash for their asking price to come close to complying with their plan to pay all creditors in full. There was no evidence before the trial court indicating that any marketing efforts had been made by the Gavias. The record is devoid of any indication that the Gavias had contacted a realtor, placed the home on the market or had any contact with any potential purchasers. The Gavias offered no evidence on the likelihood of a sale.

The Castillos, who listed over $10,000 in debts, filed schedules placing the value of their home at $52,000 with $37,000 of encumbrances. Again, these debtors would have to find a purchaser willing to pay the asking price within six months in order to comply with their plan. The only evidence regarding the marketing efforts of the Castillos was Mr. Castillo's testimony that the home had been listed with a broker and that an agent had told him "things might look better" in a month.

Hubbard claims an equity in her home of $22,000. She lists less that $7,000 in known debts to creditors, but other debts are listed in "unknown" amounts. As to marketing efforts and the likelihood of sale, there was only the representation of Hubbard's attorney that there had been some "interest" in the home.

The trial court implicitly found that the appellants had not carried their burden of proving feasibility, i.e., that they were likely to consumate their plans. 11 U.S.C. § 1325(a)(6). We cannot say that this finding was clearly erroneous.

## III.

The appellee also argued that these plans violated § 1322(b)(2), which prohibits modification of the rights of a secured creditor whose only security is the debtor's residence. It is undisputed that this provision applied in each case on appeal. We must therefore decide whether a plan that proposes to withhold contractual installments for as much as six months violates this provision.

Notwithstanding 11 U.S.C. § 1322(b)(2), a Chapter 13 plan may modify the rights of a creditor whose only security is the debtor's residence to the extent of curing a default within a reasonable time. 11 U.S.C. § 1322(b)(5). Withholding current installments, however, creates rather than cures a default. We therefore conclude that a plan that proposes the withholding of monthly installments due on the obligation for any period of time modifies the rights of the expected creditors in violation of 11 U.S.C. § 1322(b)(2).

## IV.

Appellee also argues that appellants were ineligible for Chapter 13 relief. He points out that 11 U.S.C. § 109(e) limits Chapter 13 relief to an individual with regular income. An individual with regular income is defined as "one whose income is sufficiently stable to make payments under a Chapter 13 plan." 11 U.S.C. § 101(24).

All debtors stated that they lacked regular income sufficient to enable them to make payments under a plan. As such, they were ineligible for Chapter 13 relief. *In re Terry,* 630 F.2d 634 (8th Cir. 1980). The *Terry* court states p. 635:

The debtor's petition reveals that their monthly expenses exceed their monthly income by $8.00. The bankruptcy judge reasoned that because the plan required no payments, the debtor's income was sufficient to meet the "payments" proposed under the plan, and therefore the debtors were eligible for Chapter 13 relief... We think that § 101(24) contemplates that a debtor make payments, and that the debtor's income sufficiently exceeds his expenses so that he can maintain a payment schedule. The key statutory language is "make payments." The debtors in this case have no excess income out of which to "make payments", and therefore they are not eligible for Chapter 13 relief under § 109(e).

The purpose underlying the enactment of Chapter 13 was to enable a debtor with regular income to develop and maintain a plan for repayment of his debts, rather than opt for liquidation. See, Report of the Committee on the Judiciary, H.R. 95–595, 95th Cong. 1st Sess. 1978, p. 118, U.S.Code Cong. & Admin.News 1978, p. 5787. This legislative purpose is frustrated by a plan that proposes liquidation of a debtor's primary asset by a debtor whose regular income is not sufficient to make any payments from future income. In enacting the Code, Congress stated that Chapter 13 is not for everyone:

Some consumer debtors are unable to avail themselves of the relief provided under Chapter 13. For these debtors, straight bankruptcy is the only remedy that will enable them to get out from under the debilitating effects of too much debt.

H.R. 95–595, supra. See also, *In re Cook,* 3 B.R. 480 (Bkrtcy.S.D.W.Va.1980).

The appropriate recourse for the debtors whose plan is nothing more than a liquidation is Chapter 7, not Chapter 13. See, *In re Erwin,* 10 B.R. 138, 4 C.B.C.2d 174, 177 (Bkrtcy.D.Col.1981).

We are aware that § 1322(b)(8) permits a Chapter 13 debtor to repay creditors out of property of the estate. However, we construe this section as permitting a plan to supplement payments from future income. A construction that permits sole payment from liquidation of the debtor's property would render 11 U.S.C. § 109(e) meaningless and eliminate any difference between a Chapter 7 liquidation and a Chapter 13 debt adjustment.

## V.

The trial judge also ruled that the plans before him did not comply with 11 U.S.C. § 361 and 11 U.S.C. § 1322(b)(5). Because we affirm on other grounds, we do not address these issues:

The court's findings that the plans were not feasible in accordance with 11 U.S.C. § 1322(a)(6) were not clearly erroneous, the plans modified the rights of secured creditors whose only security was the debtor's residence contrary to 11 U.S.C. § 1325(b)(2) and the debtors were ineligible for Chapter

13 relief. Accordingly, we affirm the orders denying confirmation on these alternative grounds.