In re Vigen KHACHIKYAN, Debtor.

Vigen Khachikyan, Appellant,

v.

David L. Hahn, Chapter 7 Trustee; United States Trustee, Appellees.

BAP No. CC–04–1589–KMOB.

Bankruptcy No. LA 04–22852–ER.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 29, 2005.

Filed Nov. 2, 2005.

---

**22.** The doctrine of equitable subordination of claims, codified as Section 510(c) of the Bankruptcy Code, is limited to reordering priorities and does not permit disallowance of claims. *In re Mobile Steel Co.,* 563 F.2d 692, 699 (5th Cir.1977). As such, it will not be applied in the instant circumstances. Likewise, the Court has determined that rescission of the contract is impossible at this juncture for a number of reasons, including the impossibility of returning the parties to their respective positions before the Contract was executed.

Henrik Mosesi, Glendale, CA, for debtor.

David L. Hahn, Hahn Fife & Co., LLP, Rancho Santa Margarita, CA, trustee.

Before: KLEIN, MONTALI, and BRANDT, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

The question is whether the dismissal of a bankruptcy case pursuant to 11 U.S.C. § 707(b) as a "substantial abuse" of chapter 7 was erroneous because the United States trustee did not prove there was a nexus between alleged credit card abuse that occurred seventeen months prebankruptcy and the filing of bankruptcy by one who is unable to fund a chapter 13 plan. Assuming, without deciding, that incurring potentially nondischargeable debt can be the basis of "substantial abuse," and rejecting the debtor's contention that the "contested matter" procedure of Federal Rule of Bankruptcy Procedure 9014 did not afford him an adequate opportunity to respond, we REVERSE.

## FACTS

The appellant, Vigen Khachikyan ("debtor"), filed a chapter 7 bankruptcy case on June 9, 2004. At the time, he lived rent-free with his mother and had income of $500/month as a "self-employed driver" and expenses of $453.33/month.

One year earlier, in May 2003, he had lost his $37,000+/year job and, about the same time, separated from his employed spouse.

During 2002, while employed and not separated from his spouse, the debtor used seventeen credit cards to charge about $20,000 for items ranging from fuel to luxury goods and to incur another $95,000 in debt by way of balance transfers on old credit cards, cash advances (at casinos), and convenience checks.

The debtor made no credit card charges in 2003 or 2004, yet his total credit card debt had risen, due to the accumulated interest and late and overlimit fees, from about $120,000 to $183,831.73 as of the eventual date of bankruptcy.

The United States trustee filed a § 707(b) Motion to Dismiss the same day as the deadline for filing nondischargeability complaints premised on fraud per 11 U.S.C. § 523(a)(2) and Federal Rule of Bankruptcy Procedure 4007(c). No creditor filed such a complaint.

Although no evidence was ever adduced that the debtor had any thought of filing bankruptcy when he incurred the credit card debt, the putative "substantial abuse" was that the accumulation of credit card debt in 2002 occurred in anticipation of the 2004 bankruptcy. This, the United States trustee contended, abused chapter 7 despite the debtor's lack of income and resources that made it impossible for him to obtain relief under any other Bankruptcy Code chapter, despite his subsequent loss of employment and marital separation, and despite the absence of any nondischargeability complaints.

The debtor appeared at the scheduled hearing on November 12, 2004, and contended that he was entitled to discovery and to have the § 707(b) issue resolved by adversary proceeding.

The court rejected the request for a further opportunity for discovery and, since there were no apparent contested issues of fact, proceeded to rule on the merits.

The court, reasoning that the debtor's pattern of credit card charges and cash advances in 2002, his inadequate income in 2002, and his inability to make minimum payments warranted a conclusion of § 707(b) "substantial abuse," dismissed the case. The court ruled that "[t]he facts of this case show misuse of credit cards by the Debtor, amounting to a substantial abuse of the bankruptcy system."

This timely appeal ensued.

## JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158(a)(1).

## ISSUES

1. Whether it was correct to deny a request to continue the "contested matter" hearing to permit discovery and to decline to take testimony.

2. Whether "substantial abuse" of chapter 7 under 11 U.S.C. § 707(b), for a reason other than ability to repay creditors under another chapter, requires a link between the putatively abusive conduct and the filing of bankruptcy.

## STANDARD OF REVIEW

■ Decisions regarding continuances and discovery are reviewed for abuse of discretion. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir.2004); *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir.2002). An order dismissing a case for substantial abuse under § 707(b) is also reviewed for an abuse of discretion. *Price v. United States Tr. (In re Price)*, 353 F.3d 1135, 1138 (9th Cir.2004); *Voelkel v. Naylor (In re Voelkel)*, 322 B.R. 138, 144 (9th Cir. BAP 2005).

■ An abuse of discretion may be based on an incorrect legal standard, or a clearly erroneous view of the facts, or a ruling that leaves the reviewing court with a definite and firm conviction that there has been a clear error of judgment. *SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001); *Ho v. Dowell (In re Ho)*, 274 B.R. 867, 871 (9th Cir. BAP 2002).

## DISCUSSION

The debtor contends that the dismissal was accomplished in a procedurally incorrect manner and that the determination of "substantial abuse" of chapter 7 was substantively incorrect. We reject the first argument but agree with the second.

### I

We perceive no error in the court's refusal to require an adversary proceeding and refusal to grant a continuance for an additional opportunity for discovery.

### A

■ The debtor's position that § 707(b) motions to dismiss must be resolved by adversary proceeding is contradicted by Federal Rule of Bankruptcy Procedure 1017(f)(1), which prescribes the "contested matter" procedure of Rule 9014 for § 707(b) motions.[1] Since a contested matter is the prescribed method for resolving a § 707(b) motion, the court did not err in employing that procedure.

■ While there are significant differences between adversary proceedings and contested matters, the similarities between them are greater than appellant assumes. In a contested matter, there is no summons and complaint, pleading rules are relaxed, counterclaims and third-party practice do not apply, and much pre-trial procedure is either foreshortened or dispensed with in the interest of time and simplicity. Nevertheless, as will be seen, discovery is available, testimony regarding contested material factual disputes must be taken in the same manner as in an adversary proceeding, and the court must make findings of fact and conclusions of

1. The rule provides:

 (1) Rule 9014 governs a proceeding to dismiss or suspend a case, or to convert a case to another chapter, except under

§§ 706(a), 1112(a), 1208(a) or (b), or 1307(a) or (b).

Fed. R. Bankr.P. 1017(f)(1).

law before entering an order that has the status of a judgment. *Compare GMAC Mortgage Corp. v. Salisbury (In re Loloee)*, 241 B.R. 655, 660–62 (9th Cir. BAP 1999), *with United States v. Valley National Bank (In re Decker)*, 199 B.R. 684, 690 (9th Cir. BAP 1996) (Klein, J., concurring); *see generally* Christopher M. Klein, *Bankruptcy Rules Made Easy (2001): A Guide to the Federal Rules of Civil Procedure that Apply in Bankruptcy*, 75 AM. BANKR. L.J. 35, 38–42 (2001).

■ In each instance in which the choice of a contested matter over an adversary proceeding is in question, one needs to focus on the actual procedural differences that are implicated. *Decker*, 199 B.R. at 690. As relevant here, appellant bases his argument on the false premise that the use of a contested matter deprived him of the opportunity for discovery and for trial.

### 1

Contrary to the debtor's position, discovery was available to him as of right in the § 707(b) contested matter. Rule 9014 generally makes the discovery rules of the Federal Rules of Civil Procedure 26–37 applicable to contested matters. Fed. R.Civ.P. 26–37, *incorporated by* Fed. R. Bankr.P. 7026–37 & 9014(c); *Decker*, 199 B.R. at 690.

There are two differences between contested matters and adversary proceedings with respect to discovery. First, the portions of Civil Rule 26 regarding disclosures (including mandatory disclosure), discovery plans, and conferences do not ordinarily apply in contested matters. Fed. R. Bankr.P. 9014(c).[2] Second, less time is ordinarily available in which to conduct discovery in a contested matter than in an adversary proceeding.

In short, the appellant could have launched discovery the moment the United States trustee filed its § 707(b) motion.

### 2

The trial of a contested matter under Rule 9014, by virtue of a 2002 amendment to that rule, ordinarily requires trial testimony in open court with respect to disputed material factual issues in the same manner as an adversary proceeding. Fed. R. Bankr.P. 9014(d).[3] The advisory committee's note makes clear that this requirement is intended to require a trial when there is a genuine factual dispute.[4] The

---

**2.** The discovery provisions of Rule 9014(c) are:

> (c) Application of Part VII rules. Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: ... 7026, 7028–37 .... The following subdivision of Fed. R.Civ.P. 26, as incorporated by Rule 7026, shall not apply in a contested matter unless the court directs otherwise: 26(a)(1) (mandatory disclosure), 26(a)(2) (disclosures regarding expert testimony), and 26(a)(3) (additional pre-trial disclosure), and 26(f) (mandatory meeting before scheduling conference/discovery plan). An entity that desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 ....

Fed. R. Bankr.P. 9014(c).

**3.** Rule 9014(d) provides:

> (d) Testimony of witnesses. Testimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding.

Fed. R. Bankr.P. 9014(d).

**4.** The advisory committee note explains:

> Subdivision (d) is added to clarify that if the motion cannot be decided without resolving a disputed material issue of fact, an evidentiary hearing must be held at which testimony of witnesses is taken in the same manner as testimony is taken in an adversary proceeding or at a trial in a district court civil case. Rule 43(a), rather than Rule 43(e), F.R. Civ. P., would govern the evidentiary hearing on the factual dispute.

court must also provide procedures to enable parties to ascertain whether a scheduled hearing will be an evidentiary hearing at which witnesses may testify. Fed. R. Bankr.P. 9014(e).

It follows that the resolution of § 707(b) disputes through a contested matter, as required by Rule 1017(f)(1), afforded adequate due process to the debtor.

## B

When a Rule 9014 contested matter is the procedure prescribed by the Federal Rules of Bankruptcy Procedure for resolving a dispute, as is the case with a motion to dismiss under § 707(b), considerations of timing dictate that parties wishing discovery and desiring an actual trial must be nimble and proactive in obtaining appropriate scheduling accommodations.

Time is short because exigencies of bankruptcy necessitate prompt resolution of a § 707(b) motion to dismiss. If the case is going to be dismissed, it is unfair to creditors to burden them with the automatic stay. Moreover, if the debtor is going to need to convert the case to another chapter in order to obtain bankruptcy relief, fairness requires an early decision so that the process of preparing a plan will begin in a timely fashion.

■ As a strategic matter, where one wants discovery in a contested matter, it is generally too late to wait to the day of the hearing on the merits to request to conduct discovery in the future. Since the mandatory disclosure requirement of Civil Rule 26 does not apply to contested matters, there is no impediment to immediately seeking discovery. Fed. R. Bankr.P. 9014(c).

> Under Rule 9017, the Federal Rules of Evidence also apply in a contested matter. Nothing in the rule prohibits a court from resolving any matter that is submitted on affidavits by agreement of the parties.

■ Tactically, one desiring discovery needs to be in the position of being able to argue that discovery was timely propounded, is appropriate to the situation, and that the contested matter should not be resolved until the required responses are provided. The court has discretion to shorten response times or to continue the hearing to permit responses to appropriate discovery that has been timely requested.

■ In this instance, the debtor did nothing until the day set for the hearing on the merits and then asked for discovery in the future without articulating what factual issues requiring discovery might make a difference in the outcome of the contested matter. This was too late and too little to be persuasive.

We cannot say that the court abused its discretion in rejecting a continuance of the hearing so as to permit discovery. The court did not reject the discovery request out of hand. Rather, it sought to ascertain whether discovery could yield any information that might affect the outcome of the dispute. As a matter of law, the only likely fact-based defense by the debtor that could have been discovered would have been based on the restriction in the current version of § 707(b) that prohibits the U.S. trustee from acting "at the request or suggestion of any party in interest." It seems improbable that this defense would apply in view of the timing of the motion, which was not filed until the last day for filing nondischargeability actions under the usual credit card fraud theories and none had been filed. 11 U.S.C. § 707(b). Moreover, the debtor was unable to point to any utility to discov-

> Fed. R. Bankr.P. 9014(d), advisory comm. note to 2002 amendment.

ery under the circumstances. Hence, the court did not err in refusing further opportunity for discovery.

■■■ Similarly, we perceive no error in the court's refusal to grant a continuance in order to have a trial. The court inquired whether there were disputed material factual issues. The debtor pointed to none. Since there were no such issues, the requirement of Rule 9014(d) that testimony of witnesses regarding disputed material factual issues in contested matters be taken in the same manner as testimony in the trial of an adversary proceeding did not apply. Fed. R. Bankr.P. 9014(d).

Hence, the court did not abuse its discretion in proceeding to resolve the § 707(b) motion without an actual trial.

## II

Although we perceive no procedural error, we are persuaded that it was error to dismiss the case under § 707(b).[5] The United States trustee did not carry its burden to prove the existence of "substantial abuse."

A chapter 7 case may be dismissed if the debtor has "primarily consumer debt" and if granting relief would be a "substantial abuse" of chapter 7. 11 U.S.C. § 707(b). The statute further stipulates that "[t]here shall be a presumption in favor of granting the relief requested by the debtor." *Id.*

■■■ The existence of "substantial abuse" is determined by examining the totality of the circumstances. The ability to repay debts is the most important factor but is not necessarily dispositive. *Price,* 353 F.3d at 1139–40 (ability to pay debts justifies, but "does not *compel,* a [§] 707(b) dismissal as a matter of law"); *Zolg v. Kelly (In re Kelly),* 841 F.2d 908, 914–15 (9th Cir.1988).

■■■ Correlatively, an inability to pay, as here, does not shield a debtor from § 707(b) dismissal for other forms of abuse that may overcome the statutory presumption in favor of chapter 7 relief. *Kelly,* 841 F.2d at 915.

■■■ The question, then, becomes whether the debtor's filing of his chapter 7 case seventeen months after accumulating about $120,000 in credit card debt is a form of abuse that should overcome the statutory presumption in favor of chapter 7 relief.

The salient factual circumstances are easily stated. The debtor accumulated credit card debt (by way of charges, balance transfers, cash advances, and convenience checks) of about double his combined family income ending in late 2002. During 2003, he lost his job and separated from his spouse. In June 2004, while living rent-free with his mother and earning about $500/month, he filed his chapter 7 case. There is no evidence that the debtor contemplated filing bankruptcy when he was incurring the debt.

---

**5.** Section 707(b) provides:

(b) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor. In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions that meet the definition of "charitable contribution" under section 548(d)(3) to any qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)).

11 U.S.C. § 707(b) (2000).

The existence of other Bankruptcy Code provisions also bear on the totality of the circumstances. First, credit card fraud is a basis for excepting credit card debt from discharge under 11 U.S.C. § 523(a)(2). No such action, however, was filed. Since the United States trustee did not file the § 707(b) motion until the day of the deadline for filing § 523(a)(2) actions, it seems unlikely that credit card creditors would have been misled into thinking that the United States trustee could be relied upon to obviate the need for them to protect their interests.

Second, the Bankruptcy Code regulates the grant and denial of chapter 7 discharges in § 727. While some forms of prepetition misconduct are designated as the basis for denying discharge under 11 U.S.C. § 727(a), neither "substantial abuse" of chapter 7 by consumers nor credit card abuse are independent basis for denying discharge.

Third, there is the puzzle of why credit card abuse should be treated differently than, for example, fiduciary fraud, which is nondischargeable under § 523(a)(4). If a consumer debtor obtains $120,000 in breach of a fiduciary duty, one wonders whether § 707(b) would be appropriate to apply.

A bankruptcy court in this circuit has thoughtfully analyzed the utility of a § 707(b) dismissal to deal with credit card abuse, even when the debtor lacks the ability to fund a chapter 13 plan. It concluded that dishonesty or the lack of need for a bankruptcy, when combined with a variety of other factors, might warrant § 707(b) dismissal in a context of credit card abuse. *In re Motaharnia*, 215 B.R. 63, 69–73 (Bankr.C.D.Cal.1997) (Mund, J.).

We understand *Motaharnia*, which did not actually dismiss any of the three cases involved in that decision, to articulate a cautious, case-by-case, totality-of-the-circumstances approach.

■ We agree with the analysis in *Motaharnia*, which correctly emphasizes that § 707(b) dismissal of a case in which the debtor lacks an ability to pay is reserved for the rare situation in which there is a powerful basis for finding substantial abuse and for overcoming the § 707(b) statutory presumption in favor of the relief requested by the debtor. *Id.* at 73.

Our approbation of *Motaharnia*, however, should not be understood to endorse the numbered list of factors mentioned in that decision, all of which are focused on whether ordinary bankruptcy processes, such as nondischargeability actions and objections to discharge, are not adequate to the task. The difficulty with lists of factors that purport to corral an unbounded totality of circumstances is that they tend to be fundamentally misleading and to achieve an undeserved life of their own that ultimately diverts attention from the totality of the circumstances—i.e., from the forest to only some of the trees. Nor do we construe the list that appears in *Motaharnia* to have been intended by Judge Mund as stating any kind of test for determining the totality of the circumstances. Rather, the list merely suggests examples of circumstances that commonly may bear on the totality of circumstances.

If there is an abuse of chapter 7, the analysis must be substantively based on the totality of circumstances and should not degenerate to an exercise in arithmetic.[6]

---

**6.** We agree with the comments of Professors White and Summers about lists of so-called "factors": "We number these cases with some trepidation, for we realize that those who can analyze, do, and those who cannot, number." James J. White & Robert J. Summers, Uniform Commercial Code § 1–3 at p. 7 (4th ed.1995).

In the present appeal, the totality of the circumstances does not amount to substantial abuse. There is no apparent factual nexus between the accumulation of the credit card debt and the filing of the chapter 7 case long afterwards. Moreover, subsequent loss of employment and marital separation suggest that changed circumstances may have been an important consideration in filing the case.

As articulated in *Motaharnia:* "If the debtor does not have the ability to repay [unchallenged here], the presence of other factors indicating dishonesty or lack of need will overcome the presumption [of entitlement to the relief sought by the debtor under § 707(b)]. However, the factors must clearly demonstrate a substantial abuse . . . ." *Motaharnia,* 215 B.R. at 73. It follows that "substantial abuse" under § 707(b) that is premised upon merely having incurred debt by a debtor who lacks the ability to fund a chapter 13 plan requires a finding regarding the debtor's state of mind at the time he incurred the debt. The bankruptcy court's conclusion that there was "misuse of credit cards" does not, without more, suffice to warrant its inference of § 707(b) substantial abuse of chapter 7, particularly when the misuse in question occurred seventeen months before debtor filed for bankruptcy relief.

Thus, we are persuaded that the bankruptcy court applied the wrong legal standard and that there was a clearly erroneous assessment of the evidence. This leaves us with the firm and definite conviction there has been a clear error of judgment.

\* \* \* \* \* \*

It was procedurally correct for the court to apply Rule 9014 contested matter procedure to the § 707(b) motion to dismiss the case. The court did not err when it declined to continue the matter in order to permit discovery that did not appear to be necessary and that should, in any event, have previously been initiated. Since there were no disputed material factual issues, the court was not required by Rule 9014(d) to take testimony. The court did, however, abuse its discretion in dismissing the case. REVERSED.